Pearson, J.
 

 We concur in opinion with his Honor. The facts do not give the plaintiff a cause of action., He had no
 
 legal right,
 
 and, consequently, although he may have sustained loss by the course of conduct, which the defendant saw proper to persue, still it was “
 
 damnum absque
 
 injuria,” for there can be no injuiy unless the party has a right.
 

 The plaintiff’s ground of complaint is, that he put into the hands of the defendant, who was Sheriff, an execution against the plaintiff and one Able and Eli Shuford, and directed him to make the whole sum out of certain property of the said Able, who was the principal debtor, that, although the property was fully sufficient, the defendant omitted to make out of it the whole sum set forth in the execution, and, after selling a part, permitted the rest of the property to be appropriated and applied to the payment of other debts of the said Able; by reason whereof the plaintiff was afterwards compelled to pay the balance of the execution.
 

 
 *464
 
 This shows, that the plaintiff has sustained a loss by the conduct of the defendant, but his misfortune is, that he had no right to control the defendant, who was responsible alone to' the creditor in the execution, and was at liberty to make the money out of any one of the three debtors named in the writ, notwithstanding the directions of the plaintiff to the contrary. We can, therefore, see no ground upon which the plaintiff can make out a cause of action ; and in fact, upon principle it is clear, that he has no cause of action, for he had no right, and the defendant was not bound to notice the allegation of his being a security. He had a right to go by the writ, in which no distinction was made. How far, under the act of the General Assembly, Rev. Stat. ch. 31, sec. 131, provided its provisions are attended to, sureties may acquire rights, so as to have a cause of action, if a Sheriff violates these, is not now before us.
 

 PeR Curiam. Judgment affirmed.